IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARY BAUER, et al.,

    Plaintiffs,

v.

TACEY GOSS, P.S., et al.,

    Defendants.

No. C 12-00876 JSW

**ORDER GRANTING MOTION TO DISMISS**

Now before the Court is the motion to dismiss based on improper venue filed by defendant Tacey Goss, P.S. ("Tacey Goss"), S. Shawn Tacey and Clark C. Goss III ("Defendants"). The Court has considered the parties' papers, relevant legal authority, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for July 13, 2012 is VACATED. The Court grants Defendants' motion to dismiss.[1]

**BACKGROUND**

The parties' dispute arises out of legal representation provided by Defendants to Plaintiffs. Based on a forum selection clause in an agreement, Defendants now move to dismiss on the grounds of improper forum. Any additional facts will be addressed as necessary in the remainder of this order.

---

[1] The Court DENIES Plaintiffs' request to file a sur-reply. Plaintiffs argue that Defendants raised for the first time the argument that Plaintiffs must submit evidence, as opposed to allegations, to challenge the enforceability of the forum selection clause. (Mot. for Leave at 1.) However, in their opening motion, Defendants stated the applicable standard, which is that the Court need not accept the pleadings as true and may properly consider facts outside of the pleadings. (Defendants' Mot. at 5.)

## ANALYSIS

**A.    Applicable Legal Standards.**

A motion to dismiss for "improper venue" based on the enforcement of a forum selection clause is governed by Federal Rule of Civil Procedure 12(b)(3). *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). Unlike a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a motion under Rule 12(b)(3) does not require that the pleadings be accepted as true, and the Court can consider facts outside the pleadings. *Id.* at 324. However, the Court "must draw all reasonable inferences ... and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l. Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

"Forum selection clauses are *prima facie* valid, and are enforceable absent a strong showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'" *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (emphasis and brackets in original) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). However, a forum selection clause should not be enforced "if enforcement would contravene a strong public policy of the forum in which the suit is brought." *M/S Bremen*, 407 U.S. at 15. "[B]ecause enforcement of a forum clause necessarily entails interpretation of the clause before it can be enforced, ... federal law applies to interpretation of forum selection clauses." *Manetti-Farrow, Inc.*, 858 F.2d at 513.

**B.    The Forum Selection Clause is Enforceable.**

Plaintiffs argue that the forum selection clause is unenforceable because it violates the public policy of California and Defendants do not have standing to enforce the clause. According to Plaintiffs, where a party has a claim for the unauthorized practice of law, that claim must be heard in the state where the alleged misconduct occurred, regardless of any forum selection clause. However, the limited authority on which Plaintiffs' rely either does not support this proposition or is not persuasive. *See Janson v. LegalZoom.Com, Inc.*, 727 F. Supp. 2d 782 (W.D. Mo. 2010); *Brown v. Partipilo*, 2010 WL 3979802 (N.D.W.Va. Oct. 8, 2010).

2

The Ninth Circuit has made clear that federal law governs the enforcement of a forum selection clause raised in federal court. *Manetti-Farrow, Inc.*, 858 F.2d at 513. Nevertheless, in *Janson*, the court applied state law. The court found that "[n]either California nor Missouri will enforce forum selection clauses where there is a strong public interest in regulating the conduct at issue." *Janson*, 727 F. Supp. 2d at 786. Because both Missouri and California "have articulated a policy of prohibiting the unauthorized practice of law," the court in *Janson* determined that enforcing the forum selection clause would run contrary to Missouri's interest in resolving the claim for the unauthorized practice of law within its borders. *Id*. at 786-87. However, the applicable standard here is not whether California has a strong public interest in regulating alleged misconduct occurring within its borders, but whether enforcement of the forum selection clause "would contravene a strong public policy of the forum in which the suit is brought." *M/S Bremen*, 407 U.S. at 15. Therefore, the Court finds *Janson* unpersuasive.

In *Brown*, the court held that the forum selection clause was not enforceable where the attorneys were accused of the unauthorized practice of law in a criminal matter. Because the representation occurred in a criminal case, the court held that the undertaking was "of constitutional dimensions and implicate[d] a core function of the judicial system, the provision of effective representation to all charged with criminal conduct." *Id*., 2010 WL 3979802 at *9. Notably, the court stated that it was not reaching the issue of whether a forum selection clause in an attorney-client contract could never be enforced and commented that perhaps parties might reasonably agree to resolve their disputes in a different forum in a commercial or otherwise sophisticated contract. *Id*. at *8.

Here, Plaintiffs have not demonstrated how a claim for the unauthorized practice of law is distinct from other state-law claims governing alleged misconduct occurring within the state, such that it would violate the public policy of California to have another jurisdiction adjudicate the merits of this claim.[2] The Court has no reason to believe that a court in Washington is not

---

[2] Indeed, Plaintiffs themselves do not make a clear distinction. In fact, they argue that their claims for breach of fiduciary duty and other claims based on California law also should be decided by a court in California. (Opp. at 12.) According to Plaintiffs, "unless and until [their claims under California law] are disproven, the forum selection clause in question is

3

1 fully capable of applying California law and adjudicating this claim, in addition to Plaintiffs'
2 other claims under California law. As another district court stated, "the Court is at a loss to
3 grasp the purported effect that the transfer of this litigation to [Washington], pursuant to the
4 terms of the parties' contract ..., would have on the enforcement of [California's] Rules of
5 Professional Conduct." *XO Co. v. Block & Balestri, P.C.*, 44 F. Supp. 2d 1296, 1301 (S.D. Fla.
6 1999) (finding that public policy did not bar the enforcement of a forum selection clause where
7 the plaintiffs asserted that the defendants engaged in the unauthorized practice of law); *see also*
8 *Griggs v. Credit Solutions of Amer., Inc.*, 2010 WL 2653474, *2 (E.D. Mo. June 29, 2010)
9 (rejecting an argument that enforcement of the forum selection clause would contravene a
10 strong public policy of the forum state: "although Missouri does have a strong interest in
11 enforcing its laws concerning ... the unauthorized practice of law, the Court does not believe
12 that interest is significantly affected by whether a district court sitting in Missouri adjudicates
13 this case instead of a district court sitting in Texas.")

14 Plaintiffs also argue that Defendants cannot enforce the forum selection clause because
15 they were not a party to the Joint Plaintiff Agreement on Terms of Participation ("JPA"), the
16 agreement that contains the forum selection clause. However, this argument is precluded by
17 Plaintiffs' own allegations in their original complaint. Plaintiffs alleged that Defendants
18 provided the legal services at issue "pursuant to a written contract calling for ... venue over any
19 dispute arising from the contract to be laid in [Washington]." (Compl., ¶ 2.) Plaintiffs further
20 alleged that the JPA was one of the documents drafted and executed to govern the attorney-
21 client relationship between Plaintiffs and Defendants. (*Id.*, ¶ 30.) These statements serve as a
22 judicial admission. *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859 (9th Cir. 1995) ("'[A] statement
23 in a complaint may serve as a judicial admission."). When the party who made the ostensible
24 judicial admission explains the error in a subsequent pleading or by amendment, the Court must
25 accord the explanation "due weight." *Id.* at 859-60. Nevertheless, when the party fails to
26 provide a credible explanation for its "error," the Court may disregard the contradictory

27
28 unenforceable." Following Plaintiffs' argument, any forum selection clause requiring California-law claims to be adjudicated in a different state would violate California's strong public policy. The Court rejects this unsupported argument.

4

1 pleading. *See O'Connor v. Boeing North American, Inc.*, 92 F. Supp. 2d 1026, 1040 (C.D. Cal.
2 2000); *see also Valdiviezo v. Phelps Dodge Hidalgo Smelter, Inc.*, 995 F. Supp. 1060, 1065–66
3 (D.Ariz.1997).

4 In their Amended Complaint, Plaintiffs seek to avoid the implications of these factual
5 allegation by omitting them. In an effort to explain these altered factual allegations, Plaintiffs'
6 counsel states that he initially "erroneously" relied on the exemplar set of agreements produced
7 by Tacey Goss and Tacey Goss' representation that they constituted the engagement agreement.
8 (Declaration of Rodney R. Patula, ¶ 7.) Plaintiffs' counsel fails to state what newly discovered
9 facts now led him and his clients to determine that the JPA is not part of the engagement
10 agreement. Other than the fact these judicial admissions hinder Plaintiffs' ability to challenge
11 the motion to dismiss, which must have become clear to Plaintiffs when Defendants moved to
12 dismiss Plaintiff's original complaint, Plaintiffs have not provided any legitimate basis for
13 withdrawing these allegations. Because Plaintiffs have not offered a credible explanation for
14 their contradiction, the Court need not accept their amended allegations as true. *See Azadpour*
15 *v. Sun Microsys., Inc.*, 2007 WL 2141079, at *2 n. 2 (N.D. Cal. July 23, 2007) ("Where
16 allegations in an amended complaint contradict those in a prior complaint, a district court need
17 not accept the new alleged facts as true, and may, in fact, strike the changed allegations as 'false
18 and sham.'"); *see also Jones v. Bayer Healthcare LLC*, 2009 WL 1186891, at *3 (N.D. Cal.
19 May 4, 2009) (striking plaintiff's amended pleading because it was factually inconsistent with
20 plaintiff's previous complaint). Based on their judicial admissions, Plaintiffs are precluded
21 from arguing that Defendants cannot enforce the forum selection clause due to it not being a
22 part of the engagement agreement. Accordingly, the Court grants Defendants' motion to
23 dismiss based on improper forum.
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss. This action is dismissed without prejudice to Plaintiffs refiling their claims against Defendants in King County Superior Court.

**IT IS SO ORDERED.**

Dated: July 10, 2012



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE